UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE BLAKENEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-02017-SNLJ |
| | ) | |
| CITY OF PINE LAWN, MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Lashawn Colquitt's motion to dismiss [#123] and defendant City of Pine Lawn, Missouri's motion for summary judgment [#125].

## I.  Factual Background

Plaintiff, a former police officer for Pine Lawn, Missouri, brought more than 150 counts against defendants Pine Lawn, Colquitt, and various other Pine Lawn employees. He claims they retaliated against him and worked to use the judicial process in their favor after he attempted to "blow the whistle" about various circumstances of corruption within Pine Lawn's ranks. Before this case was filed, plaintiff was convicted and sentenced in October 2016 to 51 months in prison involving claims that he orchestrated the arrest of mayoral candidate Nakisha Ford during a 2013 mayoral election. Prior to that, plaintiff was also terminated by unanimous vote of the Pine Lawn Board of Alderman in December 2014, allegedly because he drugged or otherwise managed to incapacitate two women (one a police officer) after meeting with them at a bar—both women having

1

"woken up at [plaintiff's] home" with "no memory" of what happened. Plaintiff says these events and outcomes, among many others, were based on falsies perpetrated by the various defendants to make plaintiff "look like a terrible person and a bad police officer."

Most defendants filed motions to dismiss.  On August 7, 2020, this Court dismissed all counts against most of the defendants.  The two Counts at issue in these motions are two counts for Invasion of Privacy—Publication of Private Facts (Count 117 against defendant Colquitt and Count 15 against defendant Pine Lawn).

## II.    Defendant Colquitt's Motion to Dismiss [#123]

At the time of the events relevant to the complaint, defendant Colquitt was the assistant City Administrator for Pine Lawn.  Plaintiff alleges that defendant Colquitt released plaintiff's medical and personnel information "to members of the public, including Blakeney's ex-wife, under the direct supervision of Mayor Caldwell."  [#66 ¶ 247.]  Plaintiff goes on to allege that Colquitt obtained a medical record and "released [it] to the public, [which] was a document under seal by the Jefferson County Circuit Court." [*Id.* ¶ 248.]

The elements for an invasion of privacy claim based on the publication of a private fact are: (1) publication; (2) absent any waiver or privilege; (3) of private matters in which the public has no legitimate concern; (4) and such as to bring shame or humiliation to a person of ordinary sensibilities. *Corcoran v. Southwest Bell Tel. Co.*, 572 S.W.2d 212, 214-215 (Mo. App. 1978). The requirement of publication is satisfied only through communication to the general public or to a large number of persons.  *See State ex rel.*

2

*Drake Publishers, Inc. v. Baker*, 859 S.W.2d 201, 204 (Mo. App. E.D.) (*citing Corcoran*, 572 S.W.2d at 215). Plaintiff's allegations of disclosure to his ex-wife, even if true, is insufficient to satisfy the requirement of publication. Plaintiff's ex-wife cannot be deemed a "large number of people" nor "the general public." *See id.* For example, in *St. Anthony Medical Center v. H.S.H.*, 974 S.W.2d 606, 610 (Mo. App. 1998), a hospital's delivery of medical records to the wife's attorney did not "constitute publication as required in an action for public disclosure of private facts." Plaintiff provides no other allegations involving disclosures made to the public aside from formulaic recitation of elements. Notably, plaintiff's allegations against other defendants (now dismissed) included allegations about disclosures to members of the press, but no such allegations were provided here.

The motion to dismiss will be granted.

## III.   Defendant City of Pine Lawn's Motion for Summary Judgment [#125]

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc*., 368 U.S. 464, 467 (1962). Because "the interpretation and construction of insurance policies is a matter of law,...such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc*., 929 F.2d 413, 417 (8th Cir. 1991).

This Court dismissed all claims against Pine Lawn except for Count 15 for invasion of privacy because Count 15 was parallel to Count 117 against Colquitt, and this

Court did not dismiss Count 117 in its earlier Memorandum and Order.  Because Count 117 against Colquitt is dismissed, so too must the parallel Count 15 against Pine Lawn.

That said, it appears that Count 15 against Pine Lawn may also be based on Count 31 against defendant Sylvester Caldwell, who did not move to dismiss.  For that reason, the Court will discuss the merits of defendant Pine Lawn's motion as well.  Although plaintiff complains that he has not had a chance to take discovery, "Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment." *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (internal quotes, citations omitted).  Further, it appears that plaintiff has long been in possession of the insurance policy at the heart of the remaining claim against Pine Lawn.

Sovereign immunity is statutorily waived when liability insurance is purchased to cover certain tort claims—though only in an amount of and for the purposes covered by the insurance purchased. *See* § 537.610.1 RSMo; *see also* § 71.185 RSMo (liability insurance purchased by municipalities to cover "tort liability for governmental acts").  Here, Pine Lawn does have insurance coverage through its insurer MOPERM.  That insurance policy covers injuries resulting from public employees' operation of motorized vehicles and the condition of Pine Lawn's property.  Defendant Pine Lawn thus argues that the insurance policy does not waive sovereign immunity for the city for the invasion of privacy claim at issue.  In *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 412 (Mo. App. 2008), for example, the Missouri Court of Appeals affirmed that the defendant city's MOPERM policy (identical to the policy here) did not waive sovereign immunity

4

for the plaintiff's whistleblower retaliation claims.  The court stated that "given the plain and clear language of …the MOPERM policy, the policy does not provide insurance coverage to the City for employee whistle blower claims, as such claims do not involve the operation of motor vehicles or the dangerous conditions of property."  *Id.* at 417. Sovereign immunity thus applied to the city in *Topps*, as sovereign immunity applies here to Pine Lawn.  Plaintiff's arguments to the contrary are without merit.

As for plaintiff's argument that Pine Lawn was engaged in a "proprietary function" that separately disqualifies defendant from sovereign immunity, this Court has already addressed and rejected that argument as part of its memorandum and order on the motions to dismiss.  [#120 at 7-10.]

Accordingly,

**IT IS HEREBY ORDERED** that the defendant Lashawn Colquitt's motion to dismiss [#123] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Pine Lawn's motion for summary judgment [#125] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff and defendant Caldwell shall file a status update with the Court by March 29, 2021.

So ordered this 18th day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6