UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVE BLAKENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-02017-SNLJ |
| | ) |
| CITY OF PINE LAWN, MISSOURI, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Sylvester Caldwell's motion for summary judgment [#151]. After an extended briefing schedule during which plaintiff asked for and received several extensions of time in which to respond, this matter is fully briefed and ready for disposition.

**I. Factual Background**

Plaintiff, a former police officer for Pine Lawn, Missouri, brought more than 150 counts against defendant Sylvester Caldwell and various other City of Pine Lawn employees. Plaintiff claims they retaliated against him and worked to use the judicial process in their favor after he attempted to "blow the whistle" about various circumstances of corruption within Pine Lawn's ranks. Before this case was filed, plaintiff was convicted and sentenced in October 2016 to 51 months in prison involving claims that he orchestrated the arrest of mayoral candidate Nakisha Ford during a 2013 mayoral election. Prior to that, plaintiff was also terminated by unanimous vote of the Pine Lawn Board of Alderman in December 2014, allegedly because he drugged or

1

otherwise managed to incapacitate two women (one a police officer) after meeting with them at a bar—both women having "woken up at [plaintiff's] home" with "no memory" of what happened.  Plaintiff says these events and outcomes, among many others, were based on falsities perpetrated by the various defendants to make plaintiff "look like a terrible person and a bad police officer."

Most defendants filed motions to dismiss, and one filed for summary judgment.  The Court has granted those motions.  Only defendant Caldwell remains, and he is the subject of 18 counts in plaintiff's First Amended Complaint.

Also pending are plaintiff's motion to disqualify [Doc. 164] and motion to for leave to file a third amended complaint [Doc. 165].  The Court will address each pending motion below.

## II.   Caldwell's Motion for Summary Judgment [Doc. 151]

### A.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, the Court may grant summary judgment if all of the information before the Court shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S.  317, 322 (1986).  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.  Id.  at 323.  The substantive law determines which facts are critical and which are not relevant.  *Andersen v. Liberty Lobby Inc*., 477 U.S.  242, 248 (1986).

The initial burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once the burden is discharged and the movant's record shows no genuine factual dispute, then the burden shifts to the non-moving party who may not rest on the allegations of its pleadings but must set forth specific facts showing that a genuine issue of material fact exists either by affidavit or other appropriate evidence. Fed. R. Civ. P. 56(c)(2); *Herring v. Canada Life Assurance Company*, 207 F.3d 1026, 1029 (8th Cir. 2000). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Company, Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).

**B.     Discussion**

Defendant Caldwell is named in Count 17 (Missouri Common Law Whistleblower Act), Count 18 (Common Law Retaliation – Violation of State Constitution), Count 19 (Common Law Retaliation – Acting as a Witness), Count 21 (Intentional Infliction of Emotional Distress), Count 22 (42 U.S.C. § 1983 – Right to Free Speech), Count 23 (42 U.S.C. § 1983 – Right to Freedom of Association), Count 24 (42 U.S.C. § 1983 – Right to Procedural Due Process), Count 25 (42 U.S.C. § 1983 – Equal Protection), Count 26 (42 U.S.C. § 1981), Count 27 (Privacy Act – 5 U.S.C. § 552a(b)), Count 28 (Abuse of Process), Count 29 (Malicious Prosecution), Count 30 (Invasion of Privacy – Intrusion upon Seclusion), Count 31 (Invasion of Privacy—Publication of Private Facts), Count 32 (Whistle Blower Act (2017)), Count 33 (Intentional Interference with Economic Relationship), Count 169 (Civil Conspiracy), Count 170 (Civil Conspiracy – Malicious

Prosecution).  Notably, plaintiff states in his response memorandum that he is withdrawing Counts 26 and 27.  The remaining counts are discussed below.

### Counts 17, 18, and 19 (Wrongful termination claims)

These counts claim plaintiff was wrongfully terminated in retaliation for various acts.  A former employee may only maintain a public-policy wrongful termination claim against a former employer.  *Taylor v. St. Louis County Bd. of Educ. Comm'rs*, 625 F.3d 1025, 1029 (8th Cir. 2010).  To be liable in an action for wrongful discharge, an employee-employer relationship must exist between plaintiff and each named defendant, unless there is statutory authority establishing individual liability.  *Brooks v. City of Sugar Creek*, 340 S.W.3d 201, 213 (Mo. App. 2011).  Defendant argues that he is entitled to judgment on the counts because the City of Pine Lawn employed plaintiff and the Board of Alderman for the City of Pine Lawn terminated him.  Defendant—the then-mayor of Pine Lawn—was neither plaintiff's employer nor terminator.  Plaintiff has not identified any statutory authority establishing individual liability against defendant; rather, plaintiff argues only that a material fact issue exists whether Caldwell's behavior led to plaintiff's termination.  Plaintiff's argument ignores the controlling law that requires the defendant to be a former employer, and defendant will be granted summary judgment on Counts 17, 18, and 19.

### Count 32 (Whistle Blower Act)

As with the common-law wrongful termination counts, the Whistle Blower counts' law provides that "It shall be an unlawful employment practice for an employer to discharge an individual defined as a protected person in this section because of that

person's status as a protected person." § 285.575 R.S. Mo. Because defendant Caldwell was not plaintiff's employer, this Court must grant summary judgment on Count 32.

### Count 29 (Malicious Prosecution)

A claim for malicious prosecution is barred if not brought within two years after the cause accrued. § 516.140 RSMo. Plaintiff was convicted and sentenced on October 6, 2016. Plaintiff filed his original Petition in this action on July 16, 2019, well after the two-year limitations period ran.

Plaintiff argues that defendant should be equitably estopped from asserting the statute of limitations as defense, citing to *Weiss v. Rojanasathit*, 975 S.W.2d 113, 120 (Mo. *banc* 1998). However, in *Weiss*, the Missouri Supreme Court found that the doctrine of equitable estoppel can only bar a statute of limitations defense where the defendant affirmatively acted to induce the plaintiff to delay bringing the action. 975 S.W.2d 113, 120-21. Plaintiff lacks support for any such argument, however, as he has not provided any evidence, nor has plaintiff even alleged, that defendant affirmatively acted to induce plaintiff to delay bringing his action. Summary judgment will thus be granted on Count 29.

### Counts 17 and 32 (Whistle Blower)

As with the wrongful termination counts, the Whistle Blower counts' law provides that "It shall be an unlawful employment practice for an employer to discharge an individual defined as a protected person in this section because of that person's status as a

5

protected person." § 285.575 R.S. Mo.[1] Because defendant Caldwell was not plaintiff's employer, this Court must grant summary judgment on Counts 17 and 32.

### Count 21 (Intentional Infliction of Emotional Distress)

The necessary elements for a claim for intentional infliction of emotional distress are (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme or outrageous; and (3) the conduct must be the cause (4) of extreme emotional distress. *Thomas v. Special Olympics Mo., Inc.*, 31 S.W.3d 442, 446 (Mo. App. W.D. 2000). The mental injury must be medically diagnosable and significant. *Fetick v. Am. Cyanamid Co.*, 38 S.W.3d 415, 419 (Mo. *banc* 2001). Plaintiff has not alleged that he experienced medically diagnosable emotional distress as a result of any of defendant's actions. The Court will thus dismiss Count 21.

### Counts 22 and 23 (§ 1983 – Right to Free Speech & Freedom of Association)

Plaintiff claims that defendant unlawfully retaliated against him for his exercise of his First Amendment rights. To succeed on such a claim, plaintiff must plead and prove: (1) he engaged in activity protected by the First Amendment; (2) the defendant took an adverse employment action against him; and (3) the protected conduct was a substantial or motivating factor in the defendant's decision to take the adverse employment action. *Lyons v. Vaught*, 781 F.3d 958, 961 (8th Cir. 2015). Plaintiff admits, however, that it was the Pine Lawn Board of Aldermen and not defendant Caldwell who terminated him. Plaintiff still insists that it does not matter whether or not defendant actually terminated

---

[1] The Missouri Whistleblower's Act codified the common law. Thus defendant addressed these two counts together, and plaintiff does not appear to object.

him—he simply argues that "Caldwell, a state actor, violated plaintiff's First Amendment Rights of Freedom of Speech and Freedom of Association when he retaliated against plaintiff for exercising those rights." [Doc. 163 at p. 8.] It is uncontested, however, that defendant Caldwell was not plaintiff's employer, and summary judgment will thus be granted on Counts 22 and 23.

### Count 24 (§ 1983 – Right to Procedural Due Process) and
### Count 33 (Intentional Interference with Economic Relationship)

The Fourteenth Amendment prohibits governments from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To succeed on a procedural due process claim here, plaintiff must show that he had a constitutionally protected interest in his continued employment. *See Crews v. Monarch Fire Prot. Dist.*, 771 F.3d 1085, 1089 (8th Cir.2014); *Isaiah v. City of Pine Lawn*, 4:12CV230 HEA, 2015 WL 417581, at *2 (E.D. Mo. Feb. 2, 2015) (involving procedural due process claims by police officers against the City of Pine Lawn). Plaintiff must "show by reference to a specific source, such as a contract or statute, that [he] had a legitimate claim of entitlement to continued employment." *Armer v. City of Salem*, 861 F.2d 514, 515 (8th Cir.1988) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). It is uncontroverted that plaintiff was employed as a police officer by the City of Pine Lawn. Plaintiff was therefore an at-will employee under §79.240 RSMo and had no constitutionally protected property interest in continued employment. Plaintiff suggests that summary judgment is not appropriate because he did have a constitutionally protected interest under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532

7

(1985).  But in *Loudermill*, the plaintiff was a "tenured" public employee—a status that plaintiff here did not enjoy.  The Ohio statute relied upon in *Loudermill* thus has no application to the present case.  For the same reason, plaintiff's Count 33 for intentional interference with economic relationship also fails.

The Court will grant summary judgment to defendant on Counts 24 and 33.

### Count 25 (42 U.S.C.  § 1983 – Equal Protection)

Plaintiff's equal protection claim alleges that defendant Caldwell denied plaintiff equal protection rights because plaintiff was treated differently from other non-white officers.  To sustain an equal protection claim, plaintiff must set forth "facts showing that similarly situated employees were treated differently." *Hager v. Ark.  Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).  Plaintiff instead makes legal conclusions and does not support any equal protection claim against defendant Caldwell.  Plaintiff, in his response memorandum, states that "defendant Smith told Defendant Gray that white supervisors had always been a problem in the Pine Lawn Police Department." [Doc. 163 at 10.] That allegation, to the extent there exists admissible evidence to support it, does not support any claim against defendant Caldwell.  Summary judgment will be granted to defendant Caldwell on Count 25.

### Count 28 (Abuse of Process)

Plaintiff's abuse of process claim, to succeed, must set forth ultimate facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use

8

of process; and (3) damage resulted.  *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990).  Plaintiff has only made conclusory allegations in his Petition that fail to set forth any facts demonstrating defendant Caldwell committed an abuse of process or that plaintiff suffered damage as a result.  In response to defendant's motion, plaintiff contends federal criminal proceedings and other allegedly unfounded lawsuits were brought against plaintiff as the result of defendant's and others' actions.  However, plaintiff does not identify what actions supposedly brought forth such proceedings, nor does he identify the alleged consequential proceedings.  Plaintiff's allegations are vague and lack support.  This Court will dismiss Count 28.

### Counts 30 and 31 (Invasion of Privacy)

A claim for intrusion upon seclusion (Count 30) requires plaintiff to establish: (1) the existence of a secret and private subject matter; (2) a right in the plaintiff to keep that subject matter private; and (3) the obtaining by the defendant of information about that subject matter through unreasonable means.  *St. Anthony's Med. Ctr. V. H.S.H.*, 974 S.W.2d 606, 609-10 (Mo. App. E.D. 1998).  Plaintiff does not allege that defendant Caldwell obtained plaintiff's personnel or medical records unreasonably.  Plaintiff has repeatedly taken the position that other defendants were guilty of improperly obtaining his private information.  [Doc. 87 at 10-11.] But there is no evidence (nor even the allegation that) defendant Caldwell obtained plaintiff's private information through unreasonable means.  This Court will dismiss Count 30.

Defendant makes a similar argument regarding Count 31 for publication of private facts—that there was no allegation that this defendant published any personal facts.

9

Plaintiff responds that there has been no discovery in this case.  Defendant Caldwell answered the complaint and amended complaint in September 2019 and December 2019, respectively.  Defendant points out that plaintiff never initiated discovery.  Although plaintiff complains that discovery was never initiated because a Rule 26(f) conference was not conducted, plaintiff admits that other (now dismissed) defendants were involved in allegedly publishing or sharing "private matters." [*See* Docs. 152 and 162.]  Further, although a "party defending a motion for summary judgment before discovery is adequate may request the court to postpone ruling on the motion until the discovery can be conducted," that provision is "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993) (affirming summary judgment where plaintiffs failed to "file any affidavit specifying to the court what further discovery might unveil, its relevance to the issues pleaded, or how it might overcome the facially time-barred complaint.").

Moreover, plaintiff's allegations are insufficient to maintain his publication of private facts claim.  As this Court has previously recognized [Doc. 147 at 2-3], the requirement of publication is satisfied only through communication to the general public or to a large number of persons.  *See State ex rel.  Drake Publishers, Inc.  v. Baker*, 859 S.W.2d 201, 204 (Mo. App. E.D.  1993).  There's no allegation nor evidence here that such publication occurred.  Plaintiff alleges only that Caldwell (and other defendants) published the information "to third parties," and the more detailed facts alleged in the

10

complaint primarily identify plaintiff's ex-wife—not a large number of people or the public—as recipient. [*See* Doc. 66 at p. 20, 111.]

As a result, Count 31 will be dismissed.

### Counts 169 and 170 (Civil Conspiracy)

Finally, plaintiff's Counts 169 and 170 are for civil conspiracy related to underlying counts of abuse of process and malicious prosecution go away. Because those underlying counts will be dismissed, so must the conspiracy counts.

### C.   Conclusion

Defendant Caldwell's motion will be granted. Certain counts are dismissed as if defendant Caldwell had filed a motion to dismiss rather than a motion for summary judgment because they failed to state a claim, e.g., Counts 21, 26, 27, 28, 30, 31, 169, and 170. The Court will grant summary judgment on Counts 17, 18, 19, 22, 23, 24, 25, 29, 32, and 33.

## III.   Plaintiff's Motion to Disqualify

This is plaintiff's second motion to disqualify the undersigned. This Court has presided over several of plaintiff's cases—both civil and criminal. Plaintiff believes that this Court should recuse itself pursuant to 28 U.S.C. § 455, which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

To warrant recusal under § 455(a), "the moving party is required to show personal bias or prejudice on the part of the presiding judge." *United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "Under § 455(a), we consider whether the judge's impartiality

11

might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *In re Kan. Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Jones*, 801 F.3d at 312. *See also Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) ("[t]here is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source").

In fact, "a party is not entitled to recusal merely because a judge is 'exceedingly ill disposed' toward them, where the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings. . . .'" In re Steward, 828 F.3d 672, 682 (8th Cir. 2016) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). "Judicial rulings rarely establish a valid basis for recusal." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013).

"A judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise. In order to establish bias or prejudice from in court conduct, a party must show the judge had a disposition so extreme as to display a clear inability to render a fair judgment." *American Prairie Const. Co. v. Hoich*, 560 F.3d 780, 790 (8th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff argues that the "man on the street" would question this Court's impartiality given that "all" of his "civil cases that are not related to his conviction have been assigned" to the undersigned and the "adverse rulings" that have occurred in those cases. [Doc. 164 at 3-4.] However, that statement is patently untrue. Since the date of plaintiff's sentencing, there have been other cases filed or on-going within this district

12

which were not assigned to the undersigned.  *Brown v. Blakeney, et al.*, Case No.  4:17-cv-01542-ERW; *Ford v. Pine Lawn Food Market, Inc., et al.*,  Case No.  4:19-cv-01708-SRC; *Schweppe v. City of Pine Lawn*, et al, Case No.  4:16-cv-00253-JAR.  The mere assignment of some of plaintiff's cases to the undersigned does not rise to the level of a valid basis for disqualification.

As for plaintiff's suggestion that "adverse rulings" in his cases support recusal, adverse judicial rulings "rarely establish a valid basis for recusal." *Melton*, 738 F.3d at 906.  Plaintiff complains that his case was never assigned to a case management track, but after the motions to dismiss were all addressed, this Court invited the remaining parties—Caldwell and plaintiff—to file a status report.  Plaintiff mentioned that there had been no scheduling conference, but he also did not appear to want one, choosing instead to preemptively request an extension of time to respond to Caldwell's forthcoming motion for summary judgment.

Plaintiff's motion to disqualify again fails and will be denied.

### IV.     Motion to Amend [Doc.  165]

Plaintiff filed his original complaint on July 16, 2019.  He filed an amended complaint on October 29, 2019.  After this Court dismissed numerous counts against numerous defendants in August 2020, two of the three remaining defendants filed a motion to dismiss and a motion for summary judgment.  Both were granted [Doc. 147].  Defendant Caldwell—the only defendant not to file a motion to dismiss early in the case—then filed a motion for summary judgment, which, as indicated above, will be granted.  The day after plaintiff filed his opposition to defendant Caldwell's motion for

13

summary judgment, plaintiff filed a motion to file another amended complaint.  In support, he states simply that Federal Rule of Civil Procedure 15(a) contemplates that a judge will freely grant leave to file an amended complaint when the interest of justice so requires.  He notes there has been no scheduling order, and that no discovery has taken place.

The proposed complaint is, like the currently operative amended complaint, voluminous.  Although plaintiff has apparently omitted some Counts, the proposed complaint still sets forth 129 total counts and seeks to resurrect claims that have been dismissed as to numerous defendants.  Plaintiff does not explain why he, after many months' delay, now seeks to file this amended complaint, nor does he explain how this complaint corrects the defects present in the current complaint as highlighted by this Court's last several Memoranda and Orders [*e.g.*, Doc. 120, 147].  He does not explain how the interests of justice would be served by allowing the filing of the amendment, but rather insists only that this Court has discretion to do so.

This Court should not allow amendment, however, where doing so would be "futile." *See United States ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005).  It would be futile, for example, for plaintiff to repeat the same claims and allegations that have already been or will be dismissed.  Despite the fact that plaintiff has offered no redlined document nor even suggested the import and effect of the changes present in his proposed amended complaint, this Court has reviewed the operative and proposed complaints side-by-side and concludes that filing the proposed amended complaint would be futile.

14

## V. Conclusion

The Court will grant defendant Caldwell's motion and deny plaintiff's motions.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant Sylvester Caldwell's motion for summary judgment [Doc. 150] is **GRANTED** in that Counts 21, 26, 27, 28, 30, 31, 169, and 170 are DISMISSED and judgment is granted to defendant Caldwell on Counts 17, 18, 19, 22, 23, 24, 25, 29, 32, and 33.

**IT IS FURTHER ORDERED** that plaintiff's motion to disqualify [Doc. 164] and motion to amend [Doc. 165] are DENIED.

So ordered this 3rd day of December, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE